IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADAM MORRIS #1020839 | § | |
| | § | |
| V. | § | A-11-CA-217-SS |
| | § | |
| MONICA WILLIAMS and | § | |
| RISSIE OWENS | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Bradshaw State Jail. Plaintiff asserts Parole Officer Monica Williams revoked his parole or mandatory supervision without a preliminary hearing. In addition, Plaintiff alleges he was denied his right to present documentary evidence or witnesses to disprove the alleged violations of his supervision.

1

Plaintiff sues Williams and Rissie Owens, Chairperson of the Board of Pardons and Paroles. He seeks declaratory and injunctive relief, compensatory damages, and punitive damages.

## DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B. Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their

official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

    C.    Absolute Immunity

Defendants are also protected from Plaintiff's claims brought against them in their individual capacities for monetary damages by the doctrine of absolute immunity. Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers. Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

    D.    Heck v. Humphrey

Additionally, Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck applies to proceedings which call into question the fact or duration of parole. Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995). Plaintiff has questioned the validity of the confinement resulting from his parole-revocation hearing, and he has not alleged the Board's decision has been reversed, expunged, set aside, or called into question as Heck mandates.

    E.    Habeas Claims

In the event Plaintiff is seeking a new revocation hearing, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive

remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490, 93 S. Ct. 1836-37 (1973). The Court should not construe this action as a request for habeas corpus relief. If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. See e.g. Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003). Additionally, Plaintiff makes no allegations suggesting he has exhausted his state court remedies.

## RECOMMENDATION

It is therefore recommended that Plaintiff's civil-rights claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e). To the extent Plaintiff is seeking habeas corpus relief his claims should be dismissed without prejudice to filing an application for habeas corpus relief.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer

4

to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of April, 2011.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE